UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
FLASH ELECTRONICS, INC., *et al.*,

                            Plaintiffs,

      -against-                              No. CV 01 0979 (DLI/JMA)

UNIVERSAL MUSIC & VIDEO DISTRIBUTION
CORP., *et al.*,

                            Defendants.
------------------------------------------------------------X

## CONFIDENTIALITY AND PROTECTIVE ORDER

Upon the joint application of all the parties pursuant to Fed. R. Civ. P. 26(c) for the entry of a protective order,

**1.     Protected Information**

"Protected Information" means any information of any type, kind or character that is designated as "Confidential – Subject to Protective Order" or "For Counsel Only – Subject to Protective Order" by any of the supplying parties or non-parties to this litigation, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. This Order shall apply to discovery directed to non-parties to this litigation. The parties, in conducting discovery from non-parties, shall attach to such discovery requests a copy of this Order so as to apprise such non-parties of their rights herein.

**2.     Designation Criteria**

    a.     *General Criteria.* Protected Information shall not include information that either is in the public domain at the time of disclosure or becomes part of the public domain through no fault of a party receiving such information in this litigation.

    b.     *"Confidential" Information.* A party or non-party shall designate as "Confidential – Subject to Protective Order" only such information that the party or non-party in

good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues or advertising materials shall not be designated as "Confidential – Subject to Protective Order." Correspondence and other communications between the parties or with non-parties may be designated "Confidential – Subject to Protective Order" if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

  c.  *"For Counsel Only."* A party or non-party shall designate as "For Counsel Only – Subject to Protective Order" only such information of the most sensitive nature, which the party or non-party in good faith believes would reveal significant highly confidential technical or business information of the designating party if disclosed to persons with expertise in the subject matter. It is anticipated that such documents may include certain marketing plans, sales forecasts, business plans, financial terms of contracts, operating plans, pricing and cost data, price terms, analyses of pricing and competition information, and personnel information.

3.  **Qualified Persons**

  "Qualified Persons" means:

  a.  For all Protected Information:

    i.  retained counsel and in-house counsel for the parties in this litigation who are actively involved in the prosecution or defense of this case, and their respective staff;

    ii.  this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation; and

    iii.  actual or potential independent experts or independent consultants in this litigation, who have been identified in writing via electronic mail, facsimile or hand delivery to the party or the non-party who supplied the information at least ten (10) days prior to the disclosure of Protected Information to such persons (but subject to the provisions of paragraph 11(b) herein), and who have signed an Acknowledgement in the form of Exhibit "A."

  b.  For "For Counsel Only – Subject to Protective Order" information:
  the persons identified in subparagraph 3.a.

  c. For "Confidential – Subject to Protective Order" information:

in addition to the persons identified in subparagraph 3.a., such corporate officers or employees of a corporate party, who have been identified in writing via electronic mail, facsimile or hand delivery to the party or the non-party who supplied the information at least ten (10) days prior to the disclosure of Protected Information to such persons (but subject to the provisions of paragraph 11(b) herein), and who have signed an Acknowledgement in the form of Exhibit "A."

  and

  d. Such other persons as this Court may designate after notice and an opportunity to be heard.

### 4. Use of Protected Information

All Protected Information produced by any party or non-party in the course of this litigation shall be used solely for the purpose of preparation, trial and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof. Nothing herein shall be deemed to restrict a party's or non-party's disclosure or use of its own Protected Information.

### 5. Marking of Documents

Documents produced in this litigation may be designated by any party or non-party as Protected Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential – Subject to Protective Order" or "For Counsel Only – Subject to Protective Order." In lieu of marking the original of a document, if the original is not produced, the designating party or non-party may mark the copies that are produced. Originals shall be preserved for inspection.

### 6. Disclosure at Depositions

Information disclosed at (a) the deposition of a party or non-party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a non-party (which information pertains to a party) may be designated by the non-party disclosing the information or by any party as

3

Protected Information by indicating on the record at the deposition that the testimony is "Confidential – Subject to Protective Order" or "For Counsel Only – Subject to Protective Order" and is subject to the provisions of this Order. At such time, persons in attendance at the deposition who are not "Qualified Persons" with respect to such Confidential testimony or information as designated, shall be excluded from attending the Confidential portion of the examination. Nothing herein shall prevent any counsel of record from utilizing Protected Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Protected Information, irrespective of which party produced such information.

Any non-party disclosing the information or any party also may designate information disclosed at a deposition as Protected Information by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript, which should be treated as Protected Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody or control. All deposition transcripts shall be treated as "For Counsel Only – Subject to Protective Order" for a period of thirty (30) days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Protected Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Protected Information shall have page numbers that correspond to the blank pages in the main transcript.

### 7. Disclosure To Qualified Persons

a. *To Whom.* Protected Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. "For Counsel Only – Subject to Protective Order" Information shall be restricted in circulation to Qualified Persons described in subparagraph 3.a.

b. *Initial Retention of Copies.* Copies of "For Counsel Only – Subject to Protective Order" information shall be maintained in the offices of outside counsel for the receiving party. Any documents produced in this litigation, regardless of classification, that are provided to

Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies and exhibits containing Protected Information may be prepared by independent copy services, printers, or illustrators for purposes of use in this litigation.

8. **Unintentional Failure to Designate**

Documents unintentionally produced without designation as Protected Information later may be designated and shall be treated as Protected Information from the date written notice of the designation is provided to the receiving party.

9. **Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as "For Counsel Only – Subject to Protective Order" during inspection. At the time of copying for the receiving parties, Protected Information shall be marked prominently "Confidential – Subject to Protective Order" or "For Counsel Only – Subject to Protective Order" by the producing party.

10. **Further Disclosure**

Nothing herein shall prevent disclosure beyond the terms of this Order if each party or non-party designating the information as Protected Information consents to such disclosure in writing, or if the Court after notice and an opportunity to be heard orders further disclosure.

11. **Challenging the Designation**

   a.   *Protected Information.* A party shall not be obligated to challenge the propriety of a designation of Protected Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation in good faith disagrees at any stage of these proceedings with the designation of any information as Protected Information, the parties and/or non-parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may move the Court for an order removing the designated status of the disputed information. The disputed information shall remain Protected Information unless and until the Court orders

5

otherwise.

b. *Qualified Persons.* In the event that any party or non-party in good faith disagrees with the identification of a person as a Qualified Person or the disclosure of particular Protected Information to such a person, the parties and/or non-parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party or non-party shall have ten (10) days from the date of the designation (or, in the event particular Protected Information is requested subsequent to the designation of the Qualified Person, ten (10) days from service of the request) within which to move the Court for an order denying the disputed person (a) status as a Qualified Person, or (b) access to particular Protected Information. The motion shall fully and specifically set forth the grounds in support thereof, and the objecting party or non-party shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party or non-party to the risk of serious commercial harm. Upon the timely filing of such a motion, no disclosure of Protected Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.

## 12. Manner of Use In Proceedings

In the event a party wishes to use any Protected Information in affidavits, briefs, memoranda of law, or other papers filed in this litigation, such Protected Information shall be filed under seal with the Court.

## 13. Filing Under Seal

The Clerk of this Court is directed to maintain under seal all transcripts of deposition testimony, answers to interrogatories, admissions and other papers filed under seal in this litigation which have been designated, in whole or in part, as Protected Information by any party or non-party to this litigation.

## 14. Return of Documents

Within one-hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party or non-party in the possession of any of the persons specified in paragraph 3 (except subparagraph 3.a.ii.) shall

be returned to the producing party or non-party, except as this Court may otherwise order. Insofar as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open Court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

### 15. Duty To Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible for breach of such duty by such person. The original Acknowledgment described in paragraph 3 shall be maintained in the possession of the attorneys of record for the party designating a Qualified Person and any other party may, for good cause shown, petition the Court for production of such Acknowledgment.

### 16. Modification and Exceptions

Any party may seek an order of this Court affording additional protection to Protected Information or other confidential information, or otherwise modifying this Protective Order. The parties may, by stipulation, provide for exceptions to this Protective Order. Nothing in this Protective Order shall prohibit a party from agreeing to less stringent protection for its Protected Information on terms that its deems appropriate.

### 17. Compliance

A person's compliance with terms of this Order shall not operate as an admission that any particular document or material is or is not (a) confidential, (b) privileged or protected by the work-product doctrine, or (c) admissible in evidence at trial.

### 18. Notification

Any person in possession of Protected Information who receives a subpoena, request or other process from any person (including natural persons, corporations, partnerships, firms,

7

governmental agencies, departments or bodies, boards, or associations) who is not a party to this Order seeking production or other disclosure of such Protected Information shall promptly give telephonic notice and written notice by overnight delivery and/or telecopier and/or electronic mail to counsel for the party or non-party who produced and/or designated the materials as Protected Information, identifying the materials sought and enclosing a copy of the subpoena, request or other process where possible at least ten (10) business days before production or other disclosure shall be given.

### 19. Inadvertent Production Or Disclosure

The production or disclosure of any information made after entry of this Order which a party or non-party claims was inadvertent and should not have been produced or disclosed because of a privilege or work product protection will not automatically be deemed to be a waiver of any privilege or work product protection to which the party or non-party would have been entitled had the privileged or work product information not inadvertently been produced or disclosed. In the event of such claimed inadvertent production or disclosure, the following procedures shall be followed:

    a. The party or non-party may request the return of any such information within twenty (20) days of discovering that it was inadvertently produced or disclosed (or inadvertently produced or disclosed without redacting the privileged or work product information).

    b. If a producing party or non-party requests the return, pursuant to this paragraph, of any such information from another party, the party to whom the request is made shall return immediately to the producing party or non-party all copies of the information within its possession, custody, or control – including all copies in the possession of experts, consultants, or others to whom the information was provided. In the event that only segregatable portions of the information contain privileged subject matter or work product, the producing party shall substitute a redacted version of the information at the time of making the request for the return of the requested information.

    c. Should the party to whom the information was produced believe in good

8

faith that the information is not privileged or protected from disclosure, such party may move the Court for an order to that effect. However, such belief shall not be a basis for refusing to return the information as specified in subparagraph "b" above. In any such motion, the producing party or non-party shall have the burden of showing that the information is privileged or otherwise protected from disclosure, and the party to whom the information was produced shall not argue that the production or disclosure of the information waived any privilege or work product protection.

d.  In the event that Protected Information is disclosed to someone not authorized under the terms of this Order to receive such information, counsel for the party involved shall immediately give notice to the Court and to counsel for the party who designated the Protected Information as "Confidential" or "For Counsel Only." If a party fails to treat documents designated as "Confidential" or "For Counsel Only" in the manner provided herein, the party must immediately take steps as necessary to have such items restored to their confidential status, including, but not limited, to having the unauthorized person or entity who received Protected Information sign an agreement to keep the information confidential.

**20.   Privilege Logs.**

The timing of producing privilege logs shall be discussed and agreed upon by the parties. If the parties are unable to agree, any party may move the Court to set a future date by which a privilege log must be produced, and the earlier non-production of such a log shall not be a waiver of any privilege or protection from disclosure. The parties agree in good faith to limit the burden of logging Protected Information that post-dates the filing of this litigation.

**21.   Court Rulings.**

This Order shall be read with reference to the Court's rulings entered on July 13, 2005, attached hereto as Exhibit "B." In the event of a dispute, it is understood that the Court's rulings are controlling.

It is SO ORDERED this 2 day of _____Aug_____, 2005.

Magistrate Judge Joan M. Azrack
United States Magistrate Judge

9

## EXHIBIT A

### ACKNOWLEDGMENT AND REPRESENTATION OF
### PERSONS HAVING ACCESS TO PROTECTED INFORMATION

I hereby agree to abide by the terms of the Confidentiality and Protective Order (the "Protective Order") entered in the action captioned *Flash Electronics, Inc. and East Texas Distributing, Inc. v. Universal Music & Video Distribution Corp., et al.*, Civil Action No. CV 01 0979 (DLI/JMA), pending in the United States District Court for the Eastern District of New York (the "Lawsuit"), in order to gain access to non-public, confidential information and information otherwise protected by the Protective Order. Accordingly, I further represent to the United States District Court for the Eastern District of New York the following:

1.  I have read the Protective Order and I understand its provisions and terms. I understand that I have the right to consult an attorney regarding the meaning of any provision of the Protective Order or this Acknowledgment and Representation. Any questions I had regarding the Protective Order or this Acknowledgment and Representation have been answered by counsel.

2.  My current address and telephone number are:

    _____

    _____

3.  My current job title and employer are:

    _____

    _____

4.  My current employer's address is:

    _____

    _____

5.  I shall use information I learn as a result of having access to Protected Information protected under the Protective Order solely for purposes of the Lawsuit and for no other purposes, and shall not disclose Protected Information except as authorized by the Protective Order.

6.  I shall return to counsel all materials containing information protected under this

Protective Order within the earlier of 10 days of my termination of participation in the Lawsuit or 60 days of my receipt of notice of termination of the Lawsuit.

7. I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of New York for the enforcement of these representations.

8. I understand and agree that violation of the Protective Order or making any misrepresentations in this Acknowledgment and Representation will subject me to contempt proceedings brought under the laws of the United States of America.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing statements and representations are true and correct.

Executed this _____ day of _____, at _____.

By: _____

_____
Type or Print Name

11

<u>EXHIBIT B</u>

JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE

TIME _____

DATE _____ <u>JULY 13, 2005</u> _____

DOCKET NO. <u>CV-01-0979 (DLI)</u>

CASE <u>FLASH ELECTRONICS V. UNIVERSAL</u>

_____ INITIAL CONFERENCE

<u>XXX</u> DISCOVERY CONFERENCE

_____ SETTLEMENT CONFERENCE

_____ OTHER/STATUS CONFERENCE

_____ FINAL/PRE-TRIAL CONFERENCE

_____ CONFERENCE BY TELEPHONE

MANDATORY DISCLOSURE DUE DATE _____ TIME 15__ 30__ 45__ 60__

FOR PLAINTIFF: <u>FREDRIC GOODMAN</u>   TELEPHONE # _____

FOR DEFENDANT: <u>THOMAS RICHARDS</u>   TELEPHONE # _____

FOR DEFENDANT: <u>CHRISTINA DEVRIES</u>   TELEPHONE # _____

FOR DEFENDANT: <u>JACOB RADCLIFF</u>   TELEPHONE # _____

_____ DISCOVERY TO BE COMPLETED BY _____

<u>XXXXX</u>   NEXT CONFERENCE SCHEDULED FOR   <u>11/01/05 @ 1:00</u> PM

THE FOLLOWING RULINGS WERE MADE:   <u>PLEASE TYPE THE FOLLOWING ON THE DOCKET SHEET</u>

Discovery rulings made relating to the Protective Order

1. Protective order provision regarding <u>attorney's eyes only,</u> should not cover business information that is dated or stale unless that information includes material relating to current or recent business.

2. Any expert who signs confidentiality agreement must be identified by name.

3. Any witness who reviews confidential documents at a deposition must sign on protective order.

4. Whether a disclosure of protected information is as A result of mistake or inadvertence and whether it is a violation of protective order will be determined by Magistrate Judge.

5. A) Protective Order to be completed and executed by 7/29/05.
   B) Rule 26 disclosure by 8/26/05.
   C) Additional document request & interrogatories to be served by 9/30/05.

6. Next conference November 1, 2005 at 1:00 P.M.