UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FLASH ELECTRONICS, INC. and EAST
TEXAS DISTRIBUTING, INC.,

          Plaintiffs,

    - against -

UNIVERSAL MUSIC & VIDEO
DISTRIBUTION CORP.; UNIVERSAL
STUDIOS HOME VIDEO, INC.; INGRAM
ENTERTAINMENT, INC.; and V.P.D. IV,
INC.,

          Defendants.
-------------------------------------------------------X

**ORDER**
01-CV-979 (RRM) (JMA)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 22 2010 ★
BROOKLYN OFFICE

**MAUSKOPF, United States District Judge.**

Plaintiffs Flash Electronics, Inc. ("Flash") and East Texas Distributing, Inc. ("ETD") bring this action against Defendants Universal Music & Video Distribution Corp. and Universal Home Video, Inc. (collectively "Universal"), Ingram Entertainment, Inc. ("Ingram"), and V.P.D. IV, Inc. ("VPD") alleging that Defendants have unlawfully denied Plaintiffs the rights to distribute videos and DVDs in violation of antitrust and state laws. Defendants moved for partial summary judgment on Plaintiffs' Section 1 Sherman Act claim, and Plaintiffs cross-moved for sanctions for alleged spoliation of evidence. The Parties' motions were referred to the Honorable Joan M. Azrack, United States Magistrate Judge, for a Report and Recommendation ("R&R"). Now before the Court is Judge Azrack's R&R recommending that "plaintiffs' motion for spoliation sanctions be denied and that defendants' motion for partial summary judgment be granted." Document 189.

Plaintiffs object to the R&R, arguing that the Magistrate Judge erred by (1) denying their claims for spoliation; (2) omitting or misstating fundamental claims; (3) failing to view the facts

in the light most favorable to Plaintiffs; and (4) disregarding the aggregate weight of the evidence. Defendants oppose Plaintiffs' objections.

In light of Plaintiffs' timely objections, and pursuant to this Court's obligations under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), this Court has conducted a *de novo* review of the R&R and the underlying pleadings and factual record upon which it is based. Having conducted such review, and upon careful consideration of Plaintiffs' objections, as well as the points discussed in Defendants' supporting submissions, Plaintiffs' objections are overruled. This Court, fully concurring with the Magistrate Judge in all material respects, hereby adopts, as its own, the rationale articulated in the thoroughly researched and well-reasoned R&R.[1]

Accordingly, Plaintiffs' motion for spoliation sanctions is DENIED, and Defendants' motion for partial summary judgment as to Plaintiff's Section 1 Sherman Act claim is GRANTED. The case is referred back to the Magistrate Judge for pretrial purposes.

SO ORDERED.

s/Roslynn R. Mauskopf<br>
ROSLYNN R. MAUSKOPF<br>
United States District Judge

Dated: Brooklyn, New York
      December 15, 2010

---

[1] Plaintiffs argue that Judge Azrack erred in finding that the missing "Presentation" handouts had been produced, and that their spoliation motion should have been granted. Even assuming, *ad arguendo*, that the missing "Presentation" handouts were not produced, Plaintiffs have not demonstrated that these handouts would have supported their case. *See Kronisch v. U.S.*, 150 F.3d 112, 128 (2d Cir. 1998) ("the prejudiced party may be permitted an inference in his favor so long as he has produced some evidence suggesting that a document or documents relevant to substantiating his claim would have been included among the destroyed files."). Moreover, even if spoliation were present, Plaintiffs have not presented enough evidence to overcome Defendants' motion for partial summary judgment. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 107 (2d Cir. 2001) ("in borderline cases, an inference of spoliation, in combination with 'some (not insubstantial) evidence' for the plaintiff's cause of action, can allow the plaintiff to survive summary judgment.").